UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-00110-APG-DJA |
|---|---|
| Plaintiff | **Preliminary Forfeiture Order as to Defendant Larry Anthony McDaniel** |
| v. | |
| LARRY ANTHONY McDANIEL, et al., | [ECF No. 232] |
| Defendants | |

A jury convicted Larry McDaniel of interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Counts 9 and 10). ECF Nos. 8; 226; 309. The United States seeks criminal forfeiture of real property located at 3189 Pinehurst Dr, Unit B, in Las Vegas (the Pinehurst property) and a $296,983 money judgment against McDaniel. Because the government has proved that the Pinehurst property and $296,983 were proceeds of McDaniel's offenses, I order forfeiture of those assets.

**I. BACKGROUND**

The jury convicted McDaniel of interstate transportation of stolen property by wire transferring $160,824.52 (Count 9) and $296,983 (Count 10). While I previously granted McDaniel's motion for a new trial on some counts, I left Counts 9 and 10 undisturbed because the jury could have determined that McDaniel knew the cash in Counts 9 and 10 was stolen. ECF No. 297 at 4. The government now seeks a money judgment of $296,983 for Count 10. ECF No. 310. It also seeks the Pinehurst property in lieu of the cash in Count 9 because McDaniel purchased that property with those funds.

McDaniel responds that the wire transfers in Counts 9 and 10 did not involve stolen proceeds, but instead legitimate funds inherited from his parents. ECF No. 314. He points to

various evidence, including a receipt and newspaper article showing his mother sold a violin for $390,000 in 1981 and photographs depicting large amounts of cash inside the McDaniel home before the thefts at issue in this case. ECF Nos. 272-24; 272-25; 272-26; 272-27.

## II. ANALYSIS

"As soon as practical after a verdict . . . the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). The government bears the burden of proving, by a preponderance of the evidence, a nexus between the property sought and the crime. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011). Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), I must order criminal forfeiture of any property, real or personal, constituting or derived from proceeds traceable to McDaniel's crimes. *See* 18 U.S.C. §§ 1956(c)(7), 1961(1)(B) ("specified unlawful activity" in § 981(a)(1)(C) includes McDaniel's offenses). "Proceeds" is defined as "property of any kind obtained directly or indirectly as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). I may order an in personam money judgment as forfeiture. *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011), *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017).

The government has proved by a preponderance of the evidence that the assets sought are proceeds of McDaniel's interstate transportation of stolen property. The temporal proximity between the 2014 burglary and McDaniel's wire transfers, which occurred later that year, is sufficient to prove that the funds in Counts 9 and 10 were stolen from 24/7. *See* Government Exhibit 36 at 6801, 6815 (2014 bank statement and 2014 document showing Pinehurst purchase). McDaniel's assertion that those funds were cash from family is not plausible, given that most of

the photos and other evidence he offers are from years before the burglary. It is more likely than not that the funds in Counts 9 and 10 were stolen from 24/7. Furthermore, the government has proved by a preponderance of the evidence that McDaniel used the $160,824.52 in stolen funds in Count 9 to purchase the Pinehurst property. *See* Government Exhibit 36 at 6815 (documenting purchase). That property is forfeitable under § 981(a)(1)(C) because it was derived from proceeds of the offense in Count 9. I order forfeiture of the Pinehurst property and $296,983.

## III.  CONCLUSION

I THEREFORE ORDER that the following property constitutes or is derived from forfeitable proceeds of defendant Larry Anthony McDaniel's offenses:

(1)  Real property located at 3189 Pinehurst Drive, Unit B, Las Vegas, Nevada 89109, more particularly described as:

Parcel I: Unit B, Building 11 of Las Vegas International Country Club Estates - Townhome Condominium Phase One, as shown by map thereof on file in Book 14 of plats, page 10, Clark County, Nevada;

Parcel II: an undivided 1/47th interest in and to the common areas, together with an exclusive easement to use parking space No. 11-B of Las Vegas International Country Club Townhouse Condominium Phase One, as the same is established in the plan recorded in the Office of the County Recorder of Clark County, Nevada, in Book 14, page 10, as amended in Book 205, page 164, and the declaration recorded in the Office of the Recorder of Clark County, Nevada in official records, Book 206 as Document No. 165836;

Parcel III: the following appurtenant easement, an exclusive easement for ingress and egress over certain streets created in the declaration of easements, rights, conditions and restrictions, recorded in Book 941 as Instrument No. 755358, Clark County, Nevada records,

together with all improvements and appurtenances thereon; APN: 162-10-717-043 (3189 Pinehurst Drive, Unit B); and

    (2)  $296,983.

I FURTHER ORDER that the United States of America may seize 3189 Pinehurst Drive, Unit B.  All possessory rights, ownership rights, and all rights, titles, and interests of defendant Larry Anthony McDaniel in that property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the court.

I FURTHER ORDER that the United States of America shall publish for at least 30 consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe 3189 Pinehurst Drive, Unit B, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6).  The United States of America shall also send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property.

I FURTHER ORDER that any individual or entity who claims an interest in 3189 Pinehurst Drive, Unit B must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in that property under 21 U.S.C. § 853(n)(2).  The petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746; and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in it; any additional facts supporting the petitioner's claim; and the relief sought.  A petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,

Nevada 89101, no later than 30 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov, whichever is earlier.  A copy of the petition, if any, shall be served upon the United States Attorney's Office for the District of Nevada at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> Misty L. Dante
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT FURTHER ORDER that the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit 3189 Pinehurst Drive, Unit B.

I FURTHER ORDER that defendant Larry Anthony McDaniel shall pay to the United States of America an in personam criminal forfeiture money judgment of $296,983, not to be held jointly and severally liable with any codefendant.  The property at 3189 Pinehurst Drive, Unit B will not be applied toward the payment of the money judgment except upon motion for substitute property forfeiture.

I FURTHER ORDER that on the government's motion, I may enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

/ / / /

/ / / /

/ / / /

I FURTHER ORDER the Clerk of the Court to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 29th day of June, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE