JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY ANTHONY MCDANIEL,<br><br>Defendant. | 2:17-CR-110-APG-DJA<br><br>**ORDER GRANTING**<br>**United States of America's Motion for an Interlocutory Order of Sale of 3189 Pinehurst Dr., Unit B, Las Vegas, Nevada 89109, and Order** |

The United States moves this Court to issue an Order for an Interlocutory Sale of 3189 Pinehurst Drive, Unit B, Las Vegas, Nevada 89109 (3189 Pinehurst, Unit B,)[1] and to authorize the United States Treasury to direct its contractor to designate a real estate broker or agent to sell it through one of the approved sale methods.

---

[1] 3189 Pinehurst Drive, Unit B, Las Vegas, Nevada 89109, is more particularly described as: PARCEL I: UNIT B, BUILDING 11 OF LAS VEGAS INTERNATIONAL COUNTRY CLUB ESTATES - TOWNHOME CONDOMINIUM PHASE ONE, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 14 OF PLATS, PAGE 10, CLARK COUNTY, NEVADA. PARCEL II: AN UNDIVIDED 1/47TH INTEREST IN AND TO THE COMMON AREAS, TOGETHER WITH AN EXCLUSIVE EASEMENT TO USE PARKING SPACE NO. 11-B OF LAS VEGAS INTERNATIONAL COUNTRY CLUB TOWNHOUSE CONDOMINIUM PHASE ONE, AS THE SAME IS ESTABLISHED IN THE PLAN RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA, IN BOOK 14, PAGE 10, AS AMENDED IN BOOK 205, PAGE 164, AND THE DECLARATION RECORDED IN THE OFFICE OF THE RECORDER OF CLARK COUNTY, NEVADA IN OFFICIAL RECORDS, BOOK 206 AS DOCUMENT NO. 165836; PARCEL III: THE FOLLOWING APPURTENANT EASEMENT, AN EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER CERTAIN STREETS CREATED IN THE DECLARATION OF EASEMENTS, RIGHTS, CONDITIONS AND RESTRICTIONS, RECORDED IN BOOK 941 AS INSTRUMENT NO. 755358, CLARK COUNTY, NEVADA RECORDS, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 162-10-717-043.

Larry Anthony McDaniel owned 3189 Pinehurst, Unit B, but this Court ordered the forfeiture of the property. "[T]he government has proved by a preponderance of the evidence that McDaniel used the $160,824.52 in stolen funds in Count 9 to purchase the Pinehurst property." The order continued, "That property is forfeitable under § 981(a)(1)(C) because it was derived from proceeds of the offense in Count 9. I order forfeiture of the Pinehurst property."[2]

This Motion is made and is based on the papers and pleadings on file herein and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

The government incorporates the facts of the Superseding Criminal Indictment, the admitted trial exhibits, the trial testimony, the district court decisions, and the PSR.[3]

A jury and this Court found Larry Anthony McDaniel guilty of Counts 9 and 10 of the 33-Count Superseding Criminal Indictment charging him in Counts 9 and 10 with interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The Court ordered forfeiture of 3189 Pinehurst, Unit B, when it entered the Preliminary Order of Forfeiture.[4]

### II. ARGUMENT

This Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[5]

---

[2] Preliminary Forfeiture Order as to Larry Anthony McDaniel (POOF), ECF No. 321, p. 3 (brackets added).
[3] LR IA 10-3(a); Superseding Criminal Indictment (SI), ECF No. 8; Jury Verdict, ECF No. 226; Minutes of Jury Trial, ECF No. 229; Order in Transcript, ECF No. 247 at 32; Order, ECF No. 297; Order, ECF No. 309; POOF, ECF No. 321; Amended Joint Exhibits (Ex.) 1-45, ECF No. 222: Ex. 13 Death Certificate for Alfred Monroe McDaniel; Ex. 14 Death Certificate for Verna McDaniel; 6/23/21 Trial Transcript 103-125, testimony of Detective Gary Chaney; Larry Anthony McDaniel's PSR.
[4] Preliminary Order of Forfeiture, ECF No. 321.
[5] Fed. R. Crim. P. 32.2(b)(7).

2

Only one of the grounds for interlocutory sale is required since Supplemental Rule G(7)(b) is disjunctive.[6]

> On motion *by a party or a person having custody of the property*, the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.[7]

Under Supplemental Rule G(7)(b), the grounds for issuing the Order for an Interlocutory Sale are: (1) the property is at risk of deterioration, decay, and injury as time passes; (2) the expense of keeping the property will quickly become disproportionate to its fair market value; and (3) the court finds other good cause: (a) the value of the property depreciates as mortgage interest rates have increased; (b) taxes will continue to accrue and need to be paid; and (c) HOA fees will continue to accrue and need to be paid.[8]

"A sale must be made by a United States agency that has authority to sell the property, *by the agency's contractor*, or by any person the court designates."[9] If the Court grants this Motion, the United States Treasury will direct its contractor to designate a real estate broker or agent to sell the real property under "28 U.S.C. §§ 2001, 2002, and 2004."[10] The sale of the property through the multiple listing service and other major internet websites for real property meets the requirements of 18 U.S.C. §§ 2001, 2002, and 2004.

---

[6] *See Shelter Cove Marina, Ltd. v. M/Y Isabella,* No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, 2 (S.D. Cal. Nov. 30, 2017) (explaining that another Supplemental Rule for interlocutory sale with similar language is disjunctive); *Cal. Yacht Marina-Chula Vista, LLC v. S/V Opily*, No. 14-cv-1215-BAS-BGS, 2015 WL 1197540, 2 (S.D. Cal. Mar. 16, 2015) (same).
[7] Supplemental Rules G(7)(b)(i)(A)-(D) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules) (paragraphs omitted; emphasis added).
[8] Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); see *United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389–90 (10th Cir. 1997) (explaining the district court orders an interlocutory sale when the property is deteriorating and decaying). See *United States v. All Right, Title & Interest in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, 98 CIV. 2279 DLC, 2012 WL 3886698, 2 (S.D.N.Y. Sept. 7, 2012) (explaining that interlocutory sale order was granted because of past due taxes would lower the value of the real property).
[9] Supplemental Rules G(7)(b)(ii) (emphasis added).
[10] Supplemental Rules G(7)(b)(iii).

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited[,]" including an interlocutory order of sale.[11] The "[s]ale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action."[12]

The reasons for the interlocutory sale of this property are: (1) the property is at risk of deterioration, decay, and injury as time passes; and (2) good cause: (a) this Court has ordered the forfeiture of 3189 Pinehurst, Unit B;[13] (b) it reduces the expenses of maintenance; (c) if mortgage rates increase, the value of the property could decrease; (d) property taxes and HOA fees will stop accruing and will be paid from the proceeds of the sale; and (e) it reduces the risk of deterioration, decay, injury, and liability.[14] If an accident occurred on the property, that would rapidly decrease the property's equity. The government seeks to preserve as much of the equity as possible.[15]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[11] 21 U.S.C. § 853(g) (brackets and ellipsis added).
[12] Supplemental Rule G(7)(b)(iv) (brackets added); *United States v. King*, No. 10 CR. 122 (JGK), 2010 WL 4739791, 4 (S.D.N.Y. Nov. 12, 2010).
[13] Preliminary Forfeiture Order as to Larry Anthony McDaniel, ECF No. 321
[14] Supplemental Rule G(7)(b); Fed. R. Crim. P. 32.2(b)(7); *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1389-90 (10th Cir. 1997).
[15] *United States v. Haley*, No. 11–CR–0540–WDQ, 2011 WL 6202787, 1 (D. Md. Dec. 8, 2011) (granting the interlocutory sale to avoid liability for accidents and to "avoid falling in arrears on the payment of applicable property taxes.").

4

## III. CONCLUSION

Based on the foregoing reasons, this Court should order the interlocutory sale of the real property located at 3189 Pinehurst Drive, Unit B, Las Vegas, Nevada 89109.

Dated: December 8, 2023.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 /s/  Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

DATED: January 11, 2024