# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff<br><br>v.<br><br>LARRY McDANIEL, et al.,<br><br>   Defendants | Case No.: 2:17-cr-00110-APG-DJA<br><br>**Order Denying Motion for Bail Pending Appeal**<br><br>[ECF No. 523] |

Larry McDaniel has been convicted and sentenced to prison. He moves for bail while his appeal is pending. ECF No. 523. The Government opposes. ECF No. 527.

Under 18 U.S.C. 3143(b), I must order McDanial to prison unless I find:

(A) by clear and convincing evidence that he is not likely to flee or pose a danger to others; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or no prison.

McDaniel bears the burden of proof on these findings. The Government and I agree that McDaniel is not likely to flee or pose a danger to others. However, McDaniel has not shown a substantial question of law or fact that likely would result in reversal or a new trial.

McDaniel's motion primarily relies on the alleged confession letter and tape recordings of Elliot Shaikin that were the subject of post-trial proceedings. ECF No. 523 at 4. McDaniel is correct that, in order to grant his motion, I do not have to concede that I committed error in denying his motion for new trial. Regardless, the dubious and inadmissible nature of that new evidence, and the strength of the evidence presented at trial, confirm to me that reversal or a new trial are not likely.

The due process concerns raised in McDaniel's motion likewise do not persuade me that a new trial is likely. The Supreme Court of the United States has recognized that, "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). But it made that statement in considering testimony that "bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest." *Id.* Here, such assurances are missing. Instead, I and the parties "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.*

I THEREFORE ORDER that McDaniel's motion for bail pending appeal **(ECF No. 523)** **is denied**.

DATED this 2nd day of July, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE