JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY ANTHONY MCDANIEL,<br><br>Defendant. | 2:17-CR-110-APG-DJA<br><br>**Stipulation between United States of America and Larry Anthony McDaniel to Modify United States of America's Motion for an Interlocutory Order of Sale of 3189 Pinehurst Dr., Unit B, Las Vegas, Nevada 89109, ECF No 375, and Order, ECF No 397.** |

The United States and Larry Anthony McDaniel (McDaniel), through his attorney, Jason Carr, stipulate the following:

1. McDaniel agrees to the United States Motion for an Interlocutory Order of Sale of 3189 Pinehurst Dr., Unit B, Las Vegas, Nevada 89109 (Interlocutory Motion).[1]

2. McDaniel and the government agree to modify the method of sale in the Interlocutory Order.[2] The Interlocutory Motion states, and this Court ordered, "the United States Treasury to direct its contractor to designate a real estate broker or agent to sell [3189 Pinehurst B] through one of the approved sale methods."[3]

3. McDaniel and the government agree and request this Court modify the Interlocutory Motion and the Interlocutory Order.[4] This Court should replace the quoted language in paragraph 2, above, with "Doug Sawyer, Broker/Salesman, CFAC, CRS, GRI,

---

[1] Interlocutory Motion, ECF No 375.
[2] Interlocutory Order, ECF No. 397.
[3] Interlocutory Motion, ECF No. 375; Interlocutory Order, ECF No. 397.
[4] Interlocutory Motion ECF No 375, and the Interlocutory Order, ECF No 397.

will sell 3189 Pinehurst B through one of the approved sale methods." McDaniel wants to use Doug Sawyers because Sylviane Della Whitmore aka Cordova used Doug Sawyer in the interlocutory sale of 3189 Pinehurst Dr., Unit C, Las Vegas, Nevada 89109. McDaniel believes based on the results of Doug Sawyer's selling of Whitmore's property, through one of the government's approved sale methods, Doug Sawyer would be better at maximizing the sale proceeds than the United States Treasury contractor.

    4. IRS-CI accepts and agrees to McDaniel's request to modify the Interlocutory Order.

    5. McDaniel and the government agree this Court has authority to issue an Interlocutory Order of Sale. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."[5] As long as this case is on appeal, the forfeiture is not final. When the appeal process is completed and the criminal conviction and the forfeiture is upheld, the final forfeiture order is final.

    6. McDaniel and the government agree the arguments in the Interlocutory Motion authorize the Court to grant the Interlocutory Motion and issue the Interlocutory Order.[6]

    7. McDaniel and the government agree the law authorizes Doug Sawyer to sell 3189 Pinehurst B through one of the approved sale methods. "A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or *by any person the court designates*."[7] Doug Sawyer will sell the real property under "28 U.S.C. §§ 2001, 2002, and 2004."[8] The listing through the multiple listing service and at least 50 other major internet websites for real property meets the requirements of 28 U.S.C. §§ 2001, 2002, and 2004.

/ / /

---

[5] Fed. R. Crim. P. 32.2(b)(7).
[6] LR IA 10-3(a); Interlocutory Motion, ECF No. 375; Interlocutory Order, ECF No. 397.
[7] Supplemental Rules G(7)(b)(ii) (emphasis added) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (Supplemental Rules).
[8] Supplemental Rules G(7)(b)(iii).

8. After 3189 Pinehurst B is sold, the expenses, costs, third-party petitioners' interests maintenance fees, etc., are paid, the remaining net sale proceeds are placed in the United States Treasury Suspense Account in an interest-bearing account pending appeal.[9]

9. McDaniel stipulates to hold harmless the United States; the United States Department of Justice; the United States Attorney's Offices for the District of Nevada; the United States Department of the Treasury; the Internal Revenue Service; the Internal Revenue Service-Criminal Investigation; the Las Vegas Metropolitan Police Department; the City of Las Vegas; the County of Clark; and their agencies, their agents, their officers, and their employees from any claim made by them or any third party arising from the facts and circumstances of the aforementioned cases regarding the forfeiture of the property and the criminal forfeiture money judgment.

10. All Parties stipulate to release and forever discharge the United States; the United States Department of Justice; the United States Attorney's Offices for the District of Nevada; the United States Department of the Treasury; the Internal Revenue Service; the Internal Revenue Service-Criminal Investigation; the Las Vegas Metropolitan Police Department; the City of Las Vegas; the County of Clark; and their agencies, their agents, their officers, and their employees their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that All Parties except the government now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeiture of the property, the criminal forfeiture money judgment, the civil judicial forfeitures, and the criminal forfeitures.

11. This Stipulation contains the entire agreement between McDaniel and the government.

12. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no

---

[9] Fed. R. Crim. P. 32.2(b)(7); Supp. Rule G(7)(b)(iv).

party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

13. McDaniel and the government agree to the conditions set forth in this Stipulation.

14. Each Party stipulates and warrants that his or its execution of this Stipulation is free and is voluntary.

15. McDaniel and the government stipulate no changes to this Stipulation may be made unless all Parties agree in writing.

16. McDaniel and the government signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and entities, on whose behalf they are signing, to the terms of the Stipulation.

17. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

18. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

JASON F. CARR
Counsel for McDaniel

DATED:_

*[signature: Jason F. Carr, counsel for Larry McDaniel]*

Larry A. McDaniel

DATED:_ *[signature: Larry McDaniel]*

8-6-2024

JASAON M. FRIERSON
United States Attorney

DANIEL D. HOLLINGSWORTH

DATED:_

IT IS SO ORDERED:

ANDREW P. GORDON
United States District Court

DATED:_

23

19. This agreement may be signed in one or more counterparts and the Parties agree that electronic or facsimile copies of this Agreement to be considered as a legal original and signatures thereon shall be legal and binding.

HOFLAND AND TOMSHECK

_____
JASON F. CARR
Counsel for McDaniel

DATED:_____

_____
Larry A. McDaniel

DATED:_____

JASAON M. FRIERSON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH

DATED:     August 13, 2024

IT IS SO ORDERED:

_____
ANDREW P. GORDON
United States District Court

DATED:   August 14, 2024

5